Anthony C. STRALLA, Appellant,

v.

CONNELL BROS. CO. (CANADA) LIM-
ITED, a Corporation, and American
Factors, Limited, a Corporation, Appel-
lees.

No. 13991.

United States Court of Appeals,
Ninth Circuit.

March 22, 1955.

Rehearing Denied May 2, 1955.

Lillick, Geary, Olson, Adams & Charles,
William M. Brinton, San Francisco, Cal.,
for appellant.

Derby, Cook, Quinby & Tweedt, Lloyd
M. Tweedt, San Francisco, Cal., for ap-
pellee Connell Bros., Canada, Ltd.

Hall, Henry & Oliver, Lyman Henry,
San Francisco, Cal., for appellee Ameri-
can Factors, Ltd.

Before DENMAN, Chief Judge,
CHAMBERS, Circuit Judge, and
CLARK, District Judge.

DENMAN, Chief Judge.

Stralla appeals from a decree in ad-
miralty holding him liable to Connell
Brothers, a Canadian corporation and to
American Factors, Limited, a Hawaiian
corporation each for prepaid freight on
cargo shipped on the steamer Salina
Cruz. The steamer was on a voyage from
Vancouver, British Columbia, to Honolu-
lu, Territory of Hawaii, when the ship
and cargo were destroyed by fire without
fault of her owner.

Separate amended libels, hereafter the
libel, were filed by each libeling corpora-
tion for prepaid freight with identical

allegations save as to amount of the freight. They were consolidated for trial and a single decree entered on the two libels.

The decree held liable for the prepaid freight both the Sevenseas Trading & Steamship Co., a Panamanian corporation, hereafter Sevenseas and Stralla, its manager. The corporation abandoned its appeal and there is no question that it is liable for the prepaid freight under the admiralty law, where as here the vessel is lost in the course of her voyage.

Stralla contends (a) that he never in his individual capacity agreed to transport the merchandise carried by the steamship nor received a prepayment freight on such contract; (b) that this issue is presented by the pleadings; (c) that the district court made no findings on these issues and (d) that this court should hold that there is no evidence to sustain such a finding and that we should adjudge him free of liability for the prepaid freight.

■ Paragraph III of the libel alleges that both Sevenseas and Stralla were the carriers of the cargo and paragraph IV alleges that both had received the cargo for the voyage to Honolulu. Stralla denied that he had made such an agreement to carry the cargo or that he had received it. This is followed by a paragraph referring to the contract of carriage, which Stralla so denied he had made and the receipt of the cargo which he also denied, which paragraph reads:

"On or before October 15, 1949, libelant paid to respondents, and each of them, as common carriers for hire, the sum of Eleven Thousand Three Hundred and Eighty-five and 53/100 ($11,385.53) Dollars in United States currency, as prepaid freight, in consideration for *respondents' said agreement* to transport aforesaid cargo from Vancouver, British Columbia, to Honolulu, Territory of Hawaii."

Responding to this Stralla's allegation is as follows:

"Deny that payment for the freight was made as alleged on or before October 15, 1949, but, in this connection, allege that payment of the amount alleged was made on October 17, 1949, after libelant had knowledge of the loss at sea of the vessel and its cargo."

We construe this last quoted paragraph as not an admission that Stralla had received as an individual the prepaid freight upon the cargo he had specifically denied he had received; nor as an admission that it was paid him as an individual under the contract he had specifically denied he had made.

■■ It is a fact that the district court made no finding on the issues raised as to Stralla's being the carrier or receiving the cargo for the carriage to Honolulu.[1] On these issues the burden of proof is on the libeling corporations. On this appeal in admiralty we find it has not been sustained.

It is not questioned that Stralla was the managing agent of Sevenseas. The booking agreement for the carrying of the cargo so showed him as follows:

"For The Master
Sevenseas Trading & Steamship Co. S.A.
A. C. Stralla, Managing Agent
/s/ By P. M. Holway,
P. M. Holway Steamship Co., Ltd.
For and on Behalf of Master,
Owners and Managing Agent."

Holway was the agent for Stralla as managing agent of Sevenseas.

Here is no assumption of liability as an individual. Stralla's testimony as to what he did in connection with procuring the shipment is consistent with his position as managing agent. There is no

---

1. All the court stated is a conclusion of law as follows [111 F.Supp. 230]. "1. That libelant Connell Bros. Co. (Canada), Limited, a corporation, *recover* from respondents Sevenseas Trading & Steamship Co., S.A., a corporation, and Anthony C. Stralla the sum of $11,385.53, together with interest thereon at the rate provided by law." (Emphasis supplied.)

evidence showing that he authorized Holway to bind him personally nor are facts shown that would give rise to an estoppel.

 Nor is this a case in which a family corporation of the character which requires that the corporate veil be lifted and all the stockholders held liable as its alter ego. While all the stock was owned by members of his family, Stralla owned but one share and there is no evidence that the corporation was without capital or credit to pay to libelants their prepaid freight. His management was as agent for the corporation.

The libelants have not maintained their burden of proof. The judgment is reversed and the district court ordered to enter judgment that the libelants recover nothing from Stralla.